**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE JENKINS, :
: Civil Action No. 04-3440 (JAP)
Petitioner, :
:
v. : **O P I N I O N**
:
LYDELL SHERRER, et al., :
:
Respondents. :

**APPEARANCES:**

Willie Jenkins, Pro Se
Northern State Prison
#66920/964213B
168 Frontage Road, Box 2300
Newark, NJ 07114

Lisa A. Puglisi, Esq.
Office Of The NJ Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625

**PISANO**, District Judge

Petitioner Willie Jenkins, a prisoner currently confined at the Northern State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Lydell Sherrer, the warden of the Northern State Prison, and Attorney General of New Jersey Peter Harvey.

For the reasons stated herein, the Petition must be denied.[1]

**BACKGROUND**

Petitioner is serving a life sentence for murder, imposed by the New Jersey state courts in 1976. The murder took place while

---

[1] Respondents' request that the Court dismiss Peter Harvey as respondent in this matter will be granted, as this respondent is not the custodian of Petitioner. See 28 U.S.C. § 2242; Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).

Petitioner was released on parole for earlier crimes. In 1981, 1994, 1996, and 2001, Petitioner was granted parole. Each time parole was granted, it was subsequently revoked for drug use and other violations. Most recently, on October 9, 2002, Petitioner was returned to the custody of the Department of Corrections.

Petitioner's criminal record began as a juvenile. His adult crimes include larceny, possession of a weapon, robbery, possession of a stolen motor vehicle, aggravated assault and battery, receiving stolen property, escape, and the present offense of murder. He has had ten prior convictions as an adult, and five prior convictions as a juvenile. His five attempts at parole failed. He was returned to custody five times while released on parole. Various psychological evaluations found that Petitioner had both negative and positive attributes to determine whether or not he would be successful on parole.

On April 1, 2003, Petitioner's case was reviewed by a hearing officer, who referred the case to a Parole Board panel. On May 12, 2003, a Board panel considered the case, denied parole, and imposed a thirty-six month Future Eligibility Term ("FET"). The panel based its decision on the following factors:

- Petitioner's extensive and repetitive criminal record
- the nature of his criminal record has increased in seriousness
- prior opportunities on probation and parole have been violated and failed to deter criminal behavior
- most recent parole was violated for drug use
- Petitioner had insufficient problem resolution skills and lack of insight into criminal behavior, denied crime,

2

minimized conduct, and had a substance abuse problem that had not been sufficiently addressed.

The panel also found the mitigating factors that Petitioner participated in programs specific to his behavior, and was infraction-free and had above-average institutional reports.

On June 6, 2003, Petitioner appealed the panel's decision to the full Board, which affirmed the decision on July 30, 2003. The Board's decision was appealed to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed the decision on April 16, 2004. Petitioner's petition for certification from the New Jersey Supreme Court was denied on June 17, 2004.

On July 21, 2004, Petitioner submitted the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On September 28, 2004, Petitioner was advised of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). On January 31, 2005 and February 7, 2005, Respondents filed a Response to the Petition and an Answer, respectively. On February 10, 2005, Respondents filed a confidential appendix including psychological reports and documentation regarding Petitioner.

## DISCUSSION

### A. Standard of Review

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

3

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an

4

"unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

In a § 2254 proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.   **Petitioner's Claim**

Petitioner argues that the Parole Board's denial of parole on the basis that there is a substantial likelihood that he would commit a crime if released on parole deprived him of due process. Specifically, Petitioner argues that the facts of his case demonstrate that he <u>may</u> use drugs, but since the use of illegal drugs is a disorderly persons offense, it is not a "crime," within the meaning of the Parole Act (which considers whether there is a likelihood that the inmate will commit a "crime" if released on parole).

Petitioner has raised this claim before the New Jersey state courts. Therefore, the petition is properly before this Court for a decision on the merits. <u>See</u> 28 U.S.C. § 2254(b)(1).

C.   **Analysis**

As a preliminary matter, it must be remembered that there is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause. <u>See</u> <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979). <u>See also</u> <u>Board of Pardons v.</u>

Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections. See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983). Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996).

The question remains what process is due. The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context. We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have

7

> not been fulfilled, and the opportunity for the
> prisoner to respond in writing to that statement of
> reasons. No hearing, confrontation, or counsel issues
> are implicated here.

Byrne, 93 N.J. at 211. See also Watson, 933 F. Supp. 390 (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

1. **Denial of Parole**

As of the time of Petitioner's hearing, the New Jersey Administrative Code, Section 10A:71-3.11(b), listed 22 separate factors to be considered by the Parole Board in determining parole eligibility. Section 10A:71-3.11(b) also permits consideration of "any other factors deemed relevant."[2]

---

[2] Under the Parole Act of 1979, parole eligibility is predicated on likely recidivism alone. "An adult inmate shall be released on parole ... unless information supplied in the report filed pursuant to [N.J.S.A. 30:4-23.54] or developed or produced at a hearing ... indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at such time." N.J.S.A. 30:4-123.53a (amended 1997). The rule set forth in N.J.A.C. 10A:71-3.11, listing the factors to be considered in making parole decisions, was adopted to implement this statutory standard. In re Trantino Parole Application, 89 N.J. 347, 366 (1982).

The parole eligibility standard of the Parole Act of 1979 applies to those who were serving a sentence at the time the 1979 Act took effect. N.J.S.A. 30:4-123.46a; Trantino v. New Jersey State Parole Bd., 154 N.J. 19, 27 (1998). The standard was revised again in 1997; the 1997 amendment does not apply to inmates sentenced before its effective date. Trantino v. New Jersey State Parole Bd., 331 N.J. Super. 577, 605 (App. Div. 2000), aff'd in part, modified in part, 166 N.J. 113 (2001).

Section 10A:71-3.11(b) specifically requires consideration of such factors as the commission of a crime while incarcerated; the commission of serious disciplinary infractions; the nature and pattern of previous convictions; adjustment to previous probation, parole and incarceration; the facts and circumstances of the offense, including aggravating factors surrounding the offense; a pattern of less serious disciplinary infractions; participation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration; mental and emotional health; and statements by the inmate reflecting on the likelihood that he or she will commit another crime.

The Appellate Division found that the Parole Board had applied the correct standard in evaluating Petitioner's eligibility for parole and that the factual record justified the Parole Board's conclusion that Petitioner had not reached his rehabilitative potential. See Jenkins v. New Jersey State Parole Bd., A-0174-03T3 (App. Div. Apr. 16, 2004), certif. denied, 180 N.J. 455 (2004)(finding after considering facts and background of case that "the Board appropriately exercised its discretion in accordance with all legal principles and precedents in denying petitioner's application for parole release and fixing his FET at thirty-six months"). Petitioner has failed to present evidence to rebut the factual determinations of the Appellate Division or

9

to suggest that the Parole Board or Appellate Division applied an incorrect standard in determining his eligibility for parole. In addition, Petitioner's argument that using drugs is not a "crime" does not take into account the fact that the Board did not base its decision solely on Petitioner's history of drug use, but also on other factors, including Petitioner's prior parole violations, the increasing seriousness of his crimes, his extensive criminal history, and information contained in his psychological reports. Petitioner has failed to establish any due process violation in the denial of his parole. Thus, Petitioner is not entitled to relief on this ground.[3]

---

[3] Petitioner has submitted various letters to this Court. Two letters, dated March 26, 2005 and April 4, 2005 (docket entries 12 and 13) challenge a decision of the Parole Board panel issued on March 20, 2005. That decision is not at issue in this habeas proceeding, and Petitioner does not demonstrate that he has exhausted his claims regarding that decision in the state courts. Therefore, this Court makes no findings as to these challenges.

Further, Petitioner submitted a letter dated June 27, 2005 (docket entry 14) attaching a letter from the state Ombudsman's office stating that indictments had been removed from his classification record. The Court finds that this letter does not change its decision in this case. Besides the fact that this letter was not part of the record reviewed by the state court, Petitioner has not established that he is entitled to § 2254 relief. As noted, Petitioner's parole denial was based on a number of factors, and the state courts applied the correct law and were not unreasonable in their determination of the facts of his case.

### 2. **Imposition of Future Eligibility Term**

Petitioner argues that the imposition of a thirty-six month Future Eligibility Term ("FET") was arbitrary and capricious in violation of his due process rights.

Pursuant to the Parole Act of 1979, the Parole Board may establish a Future Eligibility Term outside the guidelines if the guidelines term "is clearly inappropriate in consideration of the circumstances of the crime, the characteristics and prior criminal record of the inmate and the inmate's institutional behavior." Williams v. New Jersey State Parole Bd., 1992 WL 32329, *5 (D.N.J. Feb. 4, 1992) (citing N.J.S.A. § 30:4-123.56(b); N.J.A.C. § 10A:71-3.21(d)). In this case, the Parole Board issued an FET of thirty-six months, beyond the presumptive term. See N.J.A.C. 10A:71-3.21 (stating that an inmate serving a sentence for murder shall serve twenty-seven additional months after being denied parole). However, the New Jersey Administrative Code subjects the presumptive term to a nine-month increase or decrease. See N.J.A.C. 10A:71-3.21(c). In this case, Petitioner received a nine-month increase.

The Appellate Division affirmed the imposition of the FET beyond the presumptive term. This Court has reviewed the record and confidential appendix provided by Respondents and considered by the state courts and agrees with the Appellate Division that the decision of the Parole Board comports with state law and is

11

supported by the record. Certainly, this Court can discern no due process or other constitutional violation. Accordingly, Petitioner is not entitled to relief on this ground.

### 3. **Conclusion**

This Court's task in deciding whether or not Petitioner is entitled to relief under 28 U.S.C. § 2254 is limited to reviewing whether the state court adjudication of claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Federal courts, on habeas review, "are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002)(citing Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001)).

In this case, Petitioner has not demonstrated that his denial of parole involved an unreasonable application of Federal law or was based on an unreasonable determination of facts in light of evidence presented. The evidence presented to the Parole Board and the Appellate Division, including the confidential appendix which this Court has reviewed, supports the

Board and the Appellate Division's finding that there was a substantial risk that Petitioner would commit another crime if released. This Court finds no reason to disturb the decision of the Parole Board and the Appellate Division, and finds no violation of Petitioner's constitutional rights.

For the reasons set forth above, the Petition must be denied. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

An appropriate order follows.

_____
JOEL A. PISANO
United States District Judge

Dated: October 6, '05